UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-646-KDB-DCK

| | |
|---|---|
| YILIEN OSNARQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HAROLD BENDER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of the *pro se* Complaint [Doc. 1]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 9].

I.     **BACKGROUND**

The *pro se* Plaintiff is a former prisoner of the State of North Carolina[1] who is presently a detainee at the Stewart Detention Center[2] in Lumpkin, Georgia. He filed this action pursuant to 42 U.S.C. § 1983.[3] He names as Defendants in their individual and official capacities: Harold

---

[1] In 2005, the Plaintiff pleaded guilty to trafficking in heroin and conspiracy to traffic in heroin in Mecklenburg County Superior Court Case Nos. 04CRS253457, -58, and -59; he was sentenced to between 215 and 267 months' imprisonment; and he completed the incarcerative portion of his sentence on October 14, 2022. He is presently in active "post release" status. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0931253&searchLastName=osnarque&searchFirstName=yilien&searchDOBRange=0&listurl=pagelistoffenderssearchresults&listpage=1 (last accessed Feb. 13, 2023); see also [3:08-cv-76-GCM, Doc. 1] (Petitioner's 2008 habeas petition in this Court); Fed. R. Ev. 201.

[2] Stewart Detention Center is an Immigration and Customs Enforcement (ICE) facility. See https://www.corecivic.com/facilities/stewart-detention-center (last accessed Feb. 13, 2023); Fed. R. Ev. 201.

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

1

Bender, the Plaintiff's former public defender; Nicole Epstein, an assistant district attorney; David S. Cayer, a resident Superior Court judge; Yvonne Mims Evans, an acting senior resident Superior Court judge; Gena W. Kirby, a court reporter; and John/Jane Doe, a court interpreter. He claims that the Defendants violated federal law and his constitutional rights[4] in 2005, 2006, 2007, and 2010, which erroneously increased his North Carolina sentence by 14 years. [Doc. 1 at 3]. He seeks a declaratory judgment, compensatory and punitive damages,[5] a jury trial, costs, and any additional relief the Court deems just, proper, and equitable. [ Doc. 1 at 7].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'"). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in

---

[4] He cites: U.S. Const. Art. I § 10 and Amends. I and VI; 18 U.S.C. §§ 505, 1503, 4208(b), 3006A; and Fed. R. Crim. P. 35 and 43.

[5] He seeks *inter alia*, $50,000 per year that he spent wrongfully incarcerated pursuant to N.C. Gen. Stat. § 148-84. An action for damages under § 148-84 must be brought in the North Carolina Industrial Commission, which may award damages of $50,000 per year if it finds that the claimant was pardoned or was determined to be innocent of all charges. See N.C. Gen. Stat. § 148-82 *et seq.*

the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.   DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff's allegations are vague, conclusory, and so devoid of factual support that they fail the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

To the extent that the Defendants are state officials, the Plaintiff's official-capacity claims against them cannot proceed. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

The Plaintiff's claims against Defendant Bender cannot proceed because "a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). The claims against him are, therefore, dismissed.

The Plaintiff's claims against Defendants Epstein, Cayer, and Evans cannot proceed because these individuals are immune from suit.[6] See Imbler v. Pachtman, 424 U.S. 409, 418 (1976) (prosecutors are absolutely immune as individuals from Section 1983 liability for acts arising out of the exercise of their official functions). Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). The claims against them will therefore be dismissed with prejudice.

Finally, the Plaintiff's claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal

---

[6] It is unclear, at this juncture, whether Defendants Kirby and Doe are immune from suit. See generally Jackson v. Houck, 181 F. App'x 372, 373 (4th Cir. 2006) ("Absolute immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial function."). Cf. Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993) (court reporter is not absolutely immune from damages for failing to produce a transcript of a federal criminal trial).

4

> judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). Here, the Plaintiff claims that a portion of his sentence was erroneous. However, success on the Plaintiff's present claims would necessarily imply the invalidity of his conviction or sentence in the underlying criminal matter. Plaintiff has not alleged that his conviction has been reversed or otherwise invalidated. Therefore, his present claims for damages appear to be barred by Heck.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The claims against Defendants Epstein, Cayer, and Evans are dismissed with prejudice and the remaining claims are dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The claims against Defendants Epstein, Cayer, and Evans are **DISMISSED WITH PREJUDICE.**

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to file a superseding Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 13, 2023

Kenneth D. Bell
United States District Judge

6

Case 3:22-cv-00646-KDB-DCK   Document 10   Filed 02/13/23   Page 6 of 6